UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BUCHWALD

11 CIV 7503

| | |
|---|---|
| Philip Weissman,<br><br>                              Plaintiff,<br><br>                              -against-<br><br>Vital Recovery Services, Inc.,<br><br>                              Defendant. | Civil Action No.:<br><br>ECF Case – NRB<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY<br><br>RECEIVED<br>OCT 24 2011<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

Plaintiff Philip Weissman ("Plaintiff" or "Weissman"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendant Vital Recovery Services, Inc. ("Defendant" or "VRS"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Kings, residing at 80 Ross Street, Brooklyn, NY 11211.

3. Defendant is a collection firm with a principal place of business at 3795 Data Dr, Norcross, GA 30092, and, upon information and belief, is authorized to do business in the State of New York.

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. On or about March 23, 2011 at approximate 5:54pm, Defendant placed a telephone call to Plaintiff, and left a message for Plaintiff on Plaintiff's answering machine.

10. Said call contained personal and confidential information.

11. Said message was a message to collect a debt, and it was left on an answering machine which was played and heard by one or more third parties who each had the right and opportunity to play same.

12. Said message was heard, among others, by Plaintiff's friend, Aron Schwartz.

13. The actions of Defendant led to embarrassment, harassment, and disclosure of confidential information to a third party.

14. Said actions by Defendant violated 15 US §1692b(2) which prohibits communicating to a third party that a consumer owes a debt.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to <u>15 USC §1692b(2).</u>

18. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

19. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Philip Weissman, on his behalf, demands judgment against the Defendant Vital Recovery Services, Inc., as follows:

A. For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC Sec. 1692k(a)(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D. A declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursement of this action, as this Court may deem just and proper.

Dated: New York, New York
       October 24, 2011

Respectfully submitted,

By: _____
    Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorneys for Plaintiff
30 East 29th Street
New York, New York 10016
(212) 796-6053